**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

---

In re:   Nancy C. Stevenin,                                                                BK No: 15-10009
        Debtor                                                                      Chapter 13

---

**MEMORANDUM SUPPLEMENT TO ORDER CONFIRMING THAT THE
AUTOMATIC STAY HAS BEEN TERMINATED AND GRANTING WEBSTER BANK,
N.A.'S MOTION FOR *IN REM* RELIEF FROM THE AUTOMATIC STAY**
(this relates to Doc. #42, 60)

This memorandum sets forth the Court's findings of fact and conclusions of law which serve as the basis for entry of the Order (Doc. #60) granting Webster Bank, N.A. (the "Lender")'s Motion to Confirm Pursuant to 11 U.S.C. § 362(j) the Absence of the Automatic Stay Under 11 U.S.C. § 362(c)(3)(A) and for *In Rem* Relief from Automatic Stay (Doc. #42) (the "Motion"), to which no objections were filed.[1]

Findings of Fact

These findings of fact are based on the uncontroverted allegations in the Motion and on the Court's own review of its docket.[2] Nancy C. Stevenin ("Ms. Stevenin") owns real estate located at 84 Crest Road, North Smithfield, Rhode Island (the "Property"). On March 10, 2003, Ms. Stevenin executed a promissory note in favor of the Lender's predecessor in interest in the principal amount of $58,000. To secure the note, Ms. Stevenin granted a mortgage (together with the note, the "Mortgage Obligation") against the Property, which was later assigned to the Lender. Ms. Stevenin stopped making payments under the Mortgage Obligation after April 30, 2012.

Due to Ms. Stevenin's default, the Lender initiated foreclosure proceedings. Ms. Stevenin prevented the Lender from exercising its rights and foreclosing on the Property by filing four

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "Chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub L. No. 109-8, 119 Stat. 37 ("BAPCPA").
[2] The Court may take judicial notice of its docket. *See In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket.").

separate bankruptcy cases under Chapter 13 of the Bankruptcy Code, all of which were dismissed. Each of these prior petitions had been filed within a year of the immediately preceding petition.[3] The Court dismissed the first two cases when Ms. Stevenin failed to file schedules and other documents as required under § 521(a). The second case is also notable because Ms. Stevenin filed it only 14 days before the Lender's scheduled foreclosure sale of the Property. In her third case, Ms. Stevenin proposed two unconfirmable plans, and this case was dismissed on motion by the Chapter 13 Trustee when Ms. Stevenin failed to make preconfirmation payments mandated under § 1326(a)(1). Her fourth petition, filed on January 5, 2015, initiated the present case (the "Present Case").

As of the petition date, there was a balance outstanding under the Mortgage Obligation of $22,542.28 in principal, interest, and miscellaneous fees, including attorneys' fees and costs. Based upon Ms. Stevenin's multiple filings which have repeatedly prevented the Lender from foreclosing upon its lien against the Property, the Lender filed its Motion seeking *in rem* relief from the automatic stay under § 362(d)(4), as well as an order under § 362(j) confirming that the automatic stay has been terminated in accordance with § 362(c)(3)(A). Ms. Stevenin did not object to the Motion.

## Analysis

To be entitled to the relief it seeks under § 362(d)(4), the Lender has the burden of establishing that Ms. Stevenin's filing of the Present Case was part of a "scheme to delay, hinder or defraud creditors that involved . . . multiple bankruptcy filings affecting" the Property. *See In re Lee*, 467 B.R. 906, 920 (B.A.P. 6th Cir. 2012) (quoting *In re Poissant*, 405 B.R. 267, 273

---

[3]  Ms. Stevenin's first case, BK No. 12-13667, was filed on November 26, 2012, and dismissed on January 4, 2013; her second case, BK No. 13-12408, was filed on September 10, 2013, and dismissed on October 10, 2013; her third case, BK No. 14-10504, was filed on March 12, 2014, and dismissed on September 24, 2014; her fourth case, the present case, was filed on January 5, 2015.

(Bankr. N.D. Ohio 2009)). Thus, it must establish (1) that Ms. Stevenin engaged in a scheme, (2) to delay, hinder, or defraud creditors, (3) which involved multiple filings affecting the Property. *See In re The Action Team, LLC*, Bankr. LEXIS 1854, *5 (Bankr. D.S.C. April 25, 2012); *In re Taal*, 520 B.R. 370, 377-78 (Bankr. D.N.H. 2014). Section 362(d)(4) is disjunctive, thus, "the court need not inquire into fraud if it finds there was hindrance or delay to the Movant." *In re Briggs*, 2012 Bankr. LEXIS 4120, 11-12 (Bankr. N.D. Ill. Aug. 30, 2012).

  I have no difficulty in finding, and I so find, that the Present Case, her fourth bankruptcy case, was filed by Ms. Stevenin as a "scheme to delay and hinder" the Lender from exercising its rights under the Mortgage Obligation. *See In re Duncan & Forbes Dev., Inc.*, 368 B.R. 27, 34 (Bankr. C.D. Cal. 2007). Such filings, when viewed in light of the uncontroverted facts set forth in the Motion, are clear indicia of the very scheme § 362(d)(4) is intended to stop—"an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral." *In re Henderson*, 395 B.R. 893, 901 (Bankr. D.S.C. 2008) (citing *In re Price*, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004)); *see also In re Blair*, 2009 WL 5203738 *4 (Bankr. E.D.N.Y. 2009) (stating that "the mere timing and filing of several bankruptcy cases is an adequate basis" to infer a scheme to hinder, delay, or defraud creditors). Further evidence of such scheme is established by the fact that these prior cases were all dismissed because Ms. Stevenin either failed to file the mandated schedules and other documents concerning her financial condition, to make preconfirmation payments pursuant to § 1326(a)(1) or to propose a confirmable plan. Thus, her intent to hinder and delay the Lender and not proceed in good faith with a chapter 13 plan to reorganize her financial affairs in accordance with requirements of the Bankruptcy Code has been demonstrated.

  The Lender has satisfied its burden to establish its entitlement to *in rem* relief from the

automatic stay under § 362(d)(4).

The Lender also has requested that I confirm that the automatic stay, initially imposed by § 362(a) upon the petition filing, has in fact been terminated by operation of § 362(c)(3)(A). That section provides that if a debtor files a petition when a "case of the debtor was pending within the preceding 1-year period but was dismissed," then the automatic stay "with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). Section 362(j) mandates that "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." Ms. Stevenin filed her third case on March 12, 2014, and it was dismissed on September 24, 2014. She filed the Present Case on January 5, 2015, well-within the one-year period referenced in § 362(c)(3). Although Ms. Stevenin could have sought an extension of the stay under § 362(c)(3)(B), she has not done so. Consequently, I confirm that the automatic stay under § 362(a) terminated 30 days after Ms. Stevenin filed her petition on January 5, 2015.

Date: April 10, 2015                                By the Court,

                                                    _Diane Finkle_ 04/10/2015
                                                    Diane Finkle
                                                    U.S. Bankruptcy Judge

4